IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Carl Rush Cooper,** <br> **aka Carl R. Cooper**, <br><br> Plaintiff, <br><br> v. <br><br> **Larry Powers; and Teresa Speller,** <br><br> Defendants. <br> _____ | C/A No. 4:07-575-CMC-TER <br><br> **O R D E R** |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He claims his constitutional rights were violated by Defendants. Defendants filed a motion for summary judgment. Because Plaintiff is proceeding *pro se*, he was advised by an issuance of a *Roseboro* order that a failure to respond to Defendants' motion for summary judgment could result in dismissal of his complaint. Plaintiff failed to file a response and the *Roseboro* order was returned by the United States Postal Service as undeliverable.

In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for

clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Magistrate Judge has filed his Report and has recommended that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Magistrate Judge advised Plaintiff of his right to file objections to the Report and the serious consequences if no objections were filed. Plaintiff has filed no objections and the time for doing so has expired.[1]

After reviewing the complaint, the motion, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

**IT IS HEREBY ORDERED** that Plaintiff's complaint is dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 14, 2007

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\07-575 Cooper v. Powrs.wpd

---

[1] This document was also returned by the United States Postal Service as undeliverable.

2